# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BYRON MCINDOE** | : | **DOCKET NO. 2:06-cv-1450**<br>**Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **U.S. ATTORNEY GENERAL, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Byron McIndoe. By this petition, petitioner seeks review of his detention in immigration custody. This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND

Petitioner originally filed his petition for *habeas* relief in the United States District Court for the Eastern District of New York on January 22, 2002. *See McIndoe v. U.S. INS*, 1:02-cv-0537 (EDNY). In that petition he challenged only his removal order which became final in January, 2002. Subsequent to the filing of the petition, petitioner sought and was granted a stay of removal in May, 2002. *See McIndoe v. U.S. INS*, 1:02-cv-0537 (EDNY) [docs. 16 & 14]. On May 27, 2004, petitioner filed a supplemental petition in which he challenged his classification as an aggravated felon and his continued detention without an individualized bond hearing. *See McIndoe v. U.S. INS*, 1:02-cv-0537 (EDNY) [docs. 21 & 22]. On April 19, 2006, the district court in New York determined that pursuant to the REAL ID Act of 2005 it lacked jurisdiction to consider petitioner's challenge to his removal order and transferred the petition to the Fifth Circuit Court of Appeals for consideration. *See*

*McIndoe v. U.S. INS*, 1:02-cv-0537 (EDNY) [docs. 29-31]. The order transferring the case indicated that the stay of removal was to stay in effect until further order of the Fifth Circuit. *Id.* Upon receipt of the transfer, the Fifth Circuit sent a notice to all counsel of record notifying them of petitioner's new case numbers. *McIndoe v. Gonzales*, 06-60544. This notice specifically stated that the stay of deportation remains in effect. On January 12, 2007, the Fifth Circuit dismissed petitioner's appeal for want of prosecution. *Id.*

On August 4, 2006, petitioner filed a "Motion for Reconsideration & for Reopening and Adjudication of the Detention Claim" with the district court in New York. *See McIndoe v. U.S. INS*, 1:02-cv-0537 (EDNY), [doc. 33]. By order dated August 18, 2006, the court in New York recognized that petitioner's challenge to his detention had not be addressed and ordered that the detention claim be transferred to the United States District Court for the Western District of Louisiana. *See McIndoe v. U.S. INS*, 1:02-cv-0537 (EDNY) [doc. 34]. This petition was received by this court on August 22, 2006. Following initial review of this petition, the court ordered the government to file an answer to the petition and allowed petitioner a period of time to file a response to the answer. All delays have now run.

## LAW AND ANALYSIS

The only issue before this court is petitioner's challenge to his continued detention in the custody of immigration officials.

Because petitioner is under a final order of removal, his detention is governed by § 241 of the Immigration & Nationality Act (INA). *See Byfield v. Ashcroft*, 74 Fed. Appx. 411 (5th Cir. 2003). INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal. This period of 90 days is referred to as the

"removal period." During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2). Pursuant to the authority of INA § 241(a)(6), the removal period for certain criminal aliens, such as petitioner, can exceed 90 days. In such situations the alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[1] *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001); *Andrade v. Gonzales,* 459 F.3d 538 (5th cir. 2006).

> By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:
>
> (i)  The date of the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

The facts recited above clearly indicate that petitioner sought judicial review of his removal order and that a stay of removal was entered by the district court in New York and remained in effect after the transfer to the Fifth Circuit until January 12, 2007 when the Fifth Circuit dismissed the appeal. Consequently, petitioner's removal period did not commence until that date, when the reviewing court issued a final order. *See* INA § 241(a)(1)(B)(ii). Thus, it is clear that the removal period has not yet expired. Therefore, this *habeas corpus* petition challenging petitioner's detention is premature. *See Campbell v. Chertoff*, 2005 WL 2989711 (E.D. Pa. 2005); *Singh v. Holmes*, 2004 WL 2280366 (W.D.N.Y. 2004).

---

[1] In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Further, assuming that the removal period commenced prior to January 12, 2007, the court finds that the removal period would have been suspended pursuant to the statutory authority of INA § 241(a)(1)(C).[2] This statute provides for the suspension of the removal period whenever an alien acts in a manner to prevent his removal. *Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003). Petitioner requested and was granted a stay of removal; therefore, he cannot assert a viable constitutional challenge to his indefinite detention when such detention is due to own actions. *Id.* at 1061. While petitioner may not have acted in bad faith when he sought judicial review of his removal order in New York, the subsequent delay in the removal procedure brought about by his use of the judicial process cannot be held against the ICE. *See* INA § 241(a)(1)(B)(ii) and § 241(a)(1)(C); *Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993); *Dor v. District Director, Immigration and Naturalization Service*, 891 F.2d 997, 1002-03 (2nd Cir. 1989).

Moreover, now that the stay of removal has been lifted, there is nothing before the court to suggest that there is no significant likelihood of removing petitioner in the reasonably foreseeable future. *Andrade*, 459 F.3d at 543; *Zadvydas*, 121 S.Ct. at 2505. In fact, the respondent has presented evidence to suggest that petitioner's removal is "imminent" once his case pending before the Fifth Circuit is dismissed. *See* Government Exhibit 1.

Accordingly,

IT IS RECOMMENDED that petitioner's challenge to his DENIED and that this petition be DISMISSED.

---

[2]**(C) Suspension of period**
   The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, March 8, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE